IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 1:22-CV-214-KDB

| | |
|---|---|
| GARY CHAMPION,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Gary Champion's Complaint (Doc. No. 1), Plaintiff's Brief in Support of Remand (Doc. No. 12), and Defendant's Brief in Opposition to Remand (Doc. No. 13). Mr. Champion, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed the parties' briefs, the administrative record, and the applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL BACKGROUND

On July 9, 2020, Plaintiff applied for disability insurance benefits under Titles II and XVI of the Social Security Act, alleging that he had been disabled since February 9, 2020. (Tr. 72). Plaintiff's application was denied on its first review and upon reconsideration. (Tr. 105, 121). After conducting a hearing, Administrative Law Judge Charles R. Howard ("ALJ") denied Plaintiff's application in a decision dated April 21, 2022. (Tr. 27). The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the

Commissioner. (Tr. 5). Mr. Champion now timely seeks judicial review of that decision under 42 U.S.C §§ 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Champion was disabled under the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571, et seq., and 416.971, et seq) and at step two that he had the following severe impairments: status post multiple fractures with open reduction internal fixation of left humerus bilateral ankles; status post facial fractures with open reduction internal fixation; and osteoarthritis (20 CFR 404.1520(c) and 416.920(c)). (Tr. 19). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 26).

Before proceeding to step four, the ALJ determined that Mr. Champion had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with no more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling." (Tr. 22). At step four, the ALJ found that Plaintiff could not perform his

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but at step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

past relevant work as a blood doner assistant (DOT 245.367-014), classified as light with an SVP of 2; office assistant (DOT 239.567-010), classified as light with an SVP of 2; travel concierge, classified as light with an SVP of 2; and cleaner (DOT 323.687-014), classified as light with an SVP of 2. (Tr. 26). At step five, however, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 26). These jobs include document preparer (DOT 249.587-018), which is sedentary with an SVP of 2, and with 120,000 such jobs in the nation; addresser (DOT 209.587-010), which is sedentary with an SVP of 2, and with 115,000 such jobs in the nation; and monitor (DOT 379.367-010), which is sedentary with an SVP of 2, and with 130,000 such jobs in the nation. (Tr. 27).

Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from July 9, 2020, through the date of her decision. (Tr. 27).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ––– U.S. –––, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo, Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean." ' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed.

## IV. DISCUSSION

Plaintiff raises one challenge to the ALJ's conclusion that he is not disabled. Plaintiff contends that the ALJ erred by failing to explain why an accommodation for ankle elevation was not included in the RFC. However, the Court finds that that the ALJ properly evaluated the relevant medical evidence in reaching his conclusion, and that he was not bound to specifically consider ankle elevation as an additional Residual Functional Capacity ("RFC") limitation.

An ALJ's RFC analysis must "build an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). However, there is no "rigid requirement" that an ALJ specifically reference every piece of evidence in the record. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citations omitted). Specifically, an ALJ is not obligated to accept a Plaintiff's subjective reports of limitations. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005); *Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir. 2001). An ALJ's RFC analysis is sufficient so long as it contains a reasonably discernable rationale that allows the court

to conduct a meaningful review. *See Alaska Dept. of Envt'l Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004); *Mascio v. Colvin,* 780 F.3d 632, 636 (4th Cir. 2015).

Here, the ALJ discussed in his decision the Plaintiff's treatment notes, his most recent and relevant doctors' opinions, and the Plaintiff's own subjective statements as to his ankle pain. (Tr. 23-25). Further, there was no medical evidence in the record to support the long-term medical necessity for Plaintiff to elevate his ankle. Rather, the record contained only brief post-surgery instructions related to ankle elevation, which were intended to address care immediately following surgery and did not reflect recommendations for long-term treatment. Thus, the only evidence in the record as to an ongoing need to elevate the ankle came from Plaintiff's subjective reports, to which the ALJ is not bound to grant controlling weight.[3] *Johnson*, 434 F.3d, at 658; *Mastro,* 270 F.3d, at 178. Accordingly, the ALJ properly addressed the relevant evidence in his decision, thoroughly examined the record and acknowledged the Plaintiff's ankle pain. Ultimately, the ALJ assigned Plaintiff an RFC for sedentary work, which is the lowest exertion level. (Tr. 22).

In sum, the Court concludes that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence, which was appropriately addressed within the ALJ's decision. Therefore, the ALJ's decision will be affirmed.

---

[3] While the ALJ did not specifically address the issue of elevation of Plaintiff's ankle in his decision, he sufficiently noted the medical record and the plaintiff's complaints of pain, thus creating a "logical bridge" between the record and his decision. (Tr. 19-27).

## V. ORDER

**NOW THEREFORE IT IS ORDERED** that the Commissioner's decision is **AFFIRMED** and Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: June 23, 2023

Kenneth D. Bell
United States District Judge